IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC SEAN JORDAN,

    Petitioner,

    v.

RHONDA RICHARD, WARDEN,

    Respondent.

CASE NO. 2:15-CV-0629
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner Eric Sean Jordan brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit , which must decide whether to authorize the filing of a successive petition.

Petitioner indicates that he is challenging his March 2005 convictions after a jury trial in the Harrison County Court of Common Pleas on two counts of rape, for which he is presently serving a prison term of eighteen years. He asserts that the trial court improperly admitted hearsay and other evidence and wrongly imposed consecutive terms of incarceration.

This is not Petitioner's first federal habeas corpus petition. On June 30, 2008, Petitioner previously filed a §2254 petition challenging the constitutionality of these same convictions. On January 5, 2010, final judgment was entered dismissing that action. *Jordan v. Warden, Lebanon Correctional Institution*, Case No. 2:08-cv-0632, 2010 WL 58244 (S.D. Ohio Jan. 5, 2010). On March 28, 2012, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *Jordan v. Warden, Lebanon Correctional Institution,* 675 F.3d 586 (6th Cir. 2012).

Plainly, therefore, this action constitutes a successive petition.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a

successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Court of Appeals, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Court of Appeals described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims, supra*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

Consequently, the Magistrate Judge **RECOMMENDS** the instant petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge